UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| DEREK WILLIAM THOMAS, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 3:10-CV-265-B |
| | § | |
| JANET NAPOLITANO, Secretary, | § | |
| Department of Homeland Security, | § | |
| | § | |
| Defendant. | § | |

## MEMORANDUM OPINION AND ORDER

Before the Court is Defendant Janet Napolitano's Motion for Summary Judgment filed December 8, 2010 (doc. 26). For the reasons listed below, the Court finds that the Motion should be and hereby is **GRANTED IN PART** and **DENIED IN PART**. Plaintiff Derek William Thomas's ("Thomas") Complaint is hereby **DISMISSED** as there is no genuine issue of material fact as to whether he exhausted his administrative remedies nor whether his failure to exhaust should be excused under equitable principles.

## I.

## BACKGROUND

Plaintiff Thomas is employed by the Transportation Security Administration ("TSA") as a Federal Air Marshal at the TSA's Dallas field office. Thomas sues Napolitano in her capacity as Department of Homeland Security ("DHS") Secretary, alleging employment discrimination based on gender under Title VII of the Civil Rights Act of 1964 (42 U.S.C. § 2000e *et seq.*) and perceived disability under the Rehabilitation Act (29 U.S.C. § 701 *et seq.*) and the Americans with Disabilities

1

Act (42 U.S.C. § 1201 *et seq.*). Additionally, Thomas claims that he was subjected to a hostile work environment and retaliation. The facts underlying Thomas's complaint began in October 2007 after he notified the Federal Air Marshals' Service Medical Branch of his Type I (insulin-dependent) diabetes. His subsequent request for a non-flight, light duty assignment was denied on or about November 16, 2007. Thereafter, on March 28, 2008, Thomas contacted the TSA Office of Civil Rights and Liberties ("OCRL") to discuss a civil rights violation. On July 14, 2008, with no resolution of his claims at the informal stage, Thomas filed a formal complaint with the TSA OCRL, which he amended in October 2008. On April 8, 2009, Thomas elected to have his claims adjudicated by an administrative judge. He requested discovery on June 11, 2009. Before discovery was completed, however, Thomas informed the administrative judge on June 25, 2009 that he intended to cease administrative proceedings and move his case to U.S. District Court. Thomas then withdrew his administrative claim on July 2, 2009.

Thomas initially filed a complaint in the Northern District of Texas, *Thomas v. Patton*, Case No. 3:09-cv-1359, on June 20, 2009 ("the July 2009 complaint"), claiming discrimination by, and naming as defendants, his second- and third-level supervisors. The July 2009 complaint did not name the DHS Secretary as the defendant, as required by 42 U.S.C. § 2000e-16(c). The defendants in that case then moved to dismiss the case on October 15, 2009, in part on the grounds that the only proper defendant in a Title VII employment discrimination action is the department head in his or her official capacity. In response, Thomas continued to argue that supervisors could be personally liable under Title VII and did not seek to amend his complaint to assert claims against his department head. The magistrate judge assigned to the case entered her Findings, Conclusions, and Recommendations on November 10, 2009, which recommended that the case be dismissed for

failure to state a cause of action on which relief could be granted because Thomas failed to name the proper party as Defendant. Over the objection of Thomas, the district judge adopted the magistrate's Findings on February 1, 2010, stating:

> In the present case, at no point after Defendant filed its Rule 12(b)6 motion, or in his objection to the Magistrate Judge's Findings and Recommendation, did Plaintiff move to amend his complaint. Instead, Plaintiff has asserted the sufficiency of his claims as set forth in the complaint. Consequently, the Court finds that dismissal of Plaintiff's claims for the reasons stated is appropriate because he has not moved to amend his complaint, and he has consistently repeated the sufficiency of his pleadings.

Order Feb. 1, 2010, Case No. 3:09-cv-1359. The District Judge entered his final judgment dismissing the case that same day.

On February 10, 2010, Thomas filed his complaint with this Court ("the February 2010 complaint"). Napolitano moved to dismiss the complaint on April 12, 2010 under Federal Rule of Civil Procedure 12(b)(1), arguing that Thomas's withdrawal from the administrative process prior to its completion constituted abandonment and failure to exhaust his administrative remedies, stripping this Court of subject matter jurisdiction.[1] This Court denied Napolitano's motion without prejudice to refiling and directed her to file her a motion for summary judgment as to exhaustion within thirty days of the order. Napolitano then filed her Motion for Summary Judgment on December 8, 2010, in compliance with the Court's order. In addition to requesting summary judgment on her exhaustion defense, the Napolitano also moves for summary judgment due to the running of the statute of limitations, Thomas's failure to timely contact an agency EEO Counselor,

---

[1]Napolitano also moved for dismissal under Rule 12(b)(6), arguing that Thomas failed to allege sufficient facts to support his hostile work environment, disability discrimination, and retaliation claims. The Court deferred ruling on Napolitano's 12(b)(6) motion pending resolution of the exhaustion issue on summary judgment. Mem. Op. Nov. 8, 2010 at 1 n.1.

3

and this Court's lack of jurisdiction over his Whistleblower Protection Act claims.

## II.

## LEGAL STANDARD

Under Rule 56(c) of the Federal Rules of Civil Procedure, summary judgment is appropriate when the pleadings and record evidence show that no genuine issue of material fact exists and that, as a matter of law, the movant is entitled to judgment. *Hart v. Hairston*, 343 F.3d 762, 764 (5th Cir. 2003). In a motion for summary judgment, the burden is on the movant to prove that no genuine issue of material fact exists. *Provident Life & Accident Ins. Co. v. Goel*, 274 F.3d 984, 991 (5th Cir. 2001). To determine whether a genuine issue exists for trial, the court must view all of the evidence in the light most favorable to the non-movant, and the evidence must be sufficient such that a reasonable jury could return a verdict for the non-movant. *See Chaplin v. NationsCredit Corp.*, 307 F.3d 368, 371-72 (5th Cir. 2002).

When the party with the burden of proof is the movant, it must establish each element of its claim as a matter of law. *Fontenot v. Upjohn Co.*, 780 F.2d 1190, 1194 (5th Cir. 1986). If the non-movant bears the burden of proof at trial, the summary judgment movant need not support its motion with evidence negating the non-movant's case. *Latimer v. SmithKline & French Lab.*, 919 F.2d 301, 303 (5th Cir. 1990) Rather, the movant may satisfy its burden by pointing to the absence of evidence to support the non-movant's case. *Id.; Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994).

Once the movant has met its burden, the burden shifts to the non-movant, who must show that summary judgment is not appropriate. *Little*, 37 F.3d at 1075 (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986)). "This burden is not satisfied with 'some metaphysical doubt as to material

facts,' . . . by 'conclusory allegations,' . . . by 'unsubstantiated assertions,' or by only a 'scintilla' of evidence." *Id.* (quoting *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986)). A non-moving party with the burden of proof must "identify specific evidence in the record and articulate the manner in which that evidence supports that party's claim," *Johnson v. Deep E. Tex. Reg'l Narcotics Trafficking Task Force*, 379 F.3d 293, 301 (5th Cir. 2004), and "come forward with 'specific facts showing that there is a *genuine issue for trial.*'" *Matsushita*, 475 U.S. at 587 (emphasis in original) (quoting Fed R. Civ. P. 56(e)). *See also John G. Mahler Co. v. Klein Karoo Landboukooperasie DPK*, 58 F.3d 636, 1995 WL 371037, at *3 n.2 (5th Cir. June 5, 1995) (explaining that *Celotex*, 477 U.S. at 324 and Fed. R. Civ. P. 56(e) require that the burden of proving the discovery rule remains with the party seeking to use it, even on summary judgment when that party is the non-movant).

## III.

## ANALYSIS

*A.     Statute of Limitations*

Federal employees seeking to assert Title VII claims in court must do so within ninety days of receipt of the notice of final action taken by the applicable department or agency. 42 U.S.C. § 2000e-16(c). Napolitano argues that since the complaint in this case was filed on February 10, 2010, more than ninety days after Thomas's receipt of notice of final agency action, the statute of limitations has run on Thomas's claims, and his claims are therefore time-barred.[2] Napolitano states

---

[2] Thomas's July 2009 complaint was filed well within the ninety-day limitations period, but that complaint was dismissed for failure to name the DHS Secretary as defendant. Instead of filing an amended complaint naming the secretary, Thomas initiated a second suit by filing a new complaint on February 10, 2010. The dismissal and entry of final judgment on Thomas's July 2009 complaint meant that his claims were

-5-

that the closing of the administrative file on August 12, 2009 constituted the agency's final action, and after adding five days for mailing under 29 C.F.R. § 1614.604(b), the ninety-day clock for filing the district court action began to run on August 17, 2009 and expired ninety days later on November 15, 2009. Def.'s Br. Supp. Mot. 9. In response, Thomas argues that he vigorously pursued his claims by filing his first lawsuit on July 20, 2009 and promptly filing a new suit naming Napolitano after his initial complaint was dismissed, and this diligence and his lack of awareness of procedural rules merit tolling of the limitations period under equitable principles. Pl.'s Br. Opp'n 2-4.

As a threshold issue, the Court notes that Napolitano asserted this defense for the first time in her Motion for Summary Judgment, and not in her initial responsive pleading. Although Thomas does not challenge this defense as waived, Federal Rule of Civil Procedure 8(c) ("Rule 8(c)") provides that, in response to a pleading, parties must plead all affirmative defenses, and failure to do so generally results in a waiver of that defense. Fed. R. Civ. P. 8(c); *Allianz Versicherungs, AG v. Profreight Brokers, Inc.*, 99 Fed. Appx. 10, 12 (5th Cir. 2004) (per curiam). However, "[w]here the matter is raised in the trial court in a manner that does not result in unfair surprise . . . technical failure to comply precisely with Rule 8(c) is not fatal." *Allianz*, 99 Fed. Appx. at 12 (quoting *Giles v. Gen. Elec. Co.*, 245 F.3d 474, 491-92 (5th Cir. 2001)). Thomas's failure to challenge this defense as improper under Rule 8(c) weighs against finding that he was prejudicially surprised. Additionally, Thomas did "not need additional discovery to respond to this affirmative defense, nor has he been

---

no longer tolled, and therefore the ninety-day limitations period expired. *See Lambert v. United States*, 44 F.3d 296, 298 (5th Cir. 1995) (plaintiff timely filed initial suit which was dismissed without prejudice due to improper service and then filed second suit alleging the same facts and theories as the first suit, but "the district court's order dismissing the suit without prejudice left [the plaintiff] in the same position as if the first suit had never been filed," so second suit filed after the applicable limitations period had run was time-barred).

prejudiced by the defendant's raising the defense in a motion for summary judgment filed well before trial." *Marroquin v. City of Pasadena*, 524 F. Supp. 2d 857, 863 (S.D. Tex. 2007) (citing *Lucas v. United States*, 807 F.2d 414, 418 (5th Cir. 1986)). As such, the Court finds that Napolitano's failure to plead her limitations defense in her initial responsive pleading does not operate as a waiver of that defense, and Napolitano may raise the defense at this time.

Having found that Napolitano properly raised her limitations defense, the Court examines the parties' arguments on this issue. Thomas does not dispute that his complaint was filed more than ninety days after the final agency action. Instead, he argues that his claims should be tolled under equitable principles due to his failure to understand the consequences of filing his February 2010 complaint instead of filing an amended complaint in Case No. 3:09-CV-1359. He argues that tolling is especially appropriate given 1) he timely filed his July 2009 complaint and filed his February 2010 complaint "within days" of the dismissal of that complaint, 2) "Defendant obviously has suffered no prejudice" due to his actions in filing a new complaint instead of amending the first complaint, and 3) he was unaware, and not informed by the court, that the limitations period would not be tolled if the first complaint was dismissed. Pl.'s Br. Opp'n 2-4.

Napolitano counters these arguments by noting the general proposition that "ignorance of the law cannot justify equitable tolling." Def.'s Reply 5 (citing *Teemac v. Henderson*, 298 F.3 452, 457 (5th Cir. 2002); *Barrow v. New Orleans S.S. Ass'n*, 932 F.2d 473, 478 (5th Cir. 1991)). She also suggests that Thomas failed to act diligently when he continued to assert his claims directly against his supervisors instead of either naming his department head as plaintiff in the original complaint or amending his complaint to name the department head after this error was identified. *Id.* at 5-7.

The Supreme Court in *Irwin v. Department of Veterans Affairs* found that equitable tolling may

be allowed "in situations where the claimant has actively pursued his judicial remedies by filing a defective pleading during the statutory period." 498 U.S. at 96; *see also Rowe v. Sullivan*, 967 F.2d 186, 192 (5th Cir. 1992) (quoting *Irwin* and explaining "[i]n other words, equitable tolling may apply where the claimant has vigorously pursued his action, but has inadvertently missed deadlines due to his or her lack of sophistication with the procedural requirements of Title VII claims"); *Perez v. United States*, 167 F.3d 913 (5th Cir. 1999) (claims were tolled where plaintiff named national guard in wrong capacity and limitations period ran). The *Irwin* court noted, though, that "[w]e have generally been much less forgiving in receiving late filings where the claimant failed to exercise due diligence in preserving his legal rights" and the claimant then requests tolling through a "garden variety claim of excusable neglect." 498 U.S. at 96. Therefore this Court must examine whether Thomas's situation is more akin to that of a claimant who vigorously pursues his action but inadvertently misses deadlines or to that of a claimant who failed to exercise due diligence in preserving legal rights.

The Fifth Circuit's holding in *Perez v. United States* is instructive on this issue. There, the plaintiff initially sued the Texas National Guard for injuries allegedly caused by guardsmen who had been acting as employees of the federal government. Her suit was dismissed and she later correctly sued the U.S. Army, but the district court in the second case dismissed her claims for failure to comply with 28 U.S.C. 2401(b) of the Federal Tort Claims Act, which provides, *inter alia*, that a claim "shall be forever barred unless it is presented in writing to the appropriate Federal agency within two years." The Fifth Circuit reversed, finding that her case warranted equitable tolling. The court first examined *Burnett v. New York Central Railroad Co.*, 380 U.S. 424 (1965), where the court found equitable tolling applicable when the plaintiff filed his suit in the wrong county due to his

unawareness of a special Ohio rule specifying venue in actions against railroads. The *Burnett* court "emphasized that the '[p]etitioner here did not sleep on his rights but brought an action within the statutory period.'" *Perez*, 167 F.3d at 917-18 (quoting *Burnett*, 380 U.S. at 429). The *Perez* court found that Perez's claims were tolled under similar reasoning:

> Perez's error in this case, misunderstanding the dual nature of the Texas National Guard, is of the same magnitude as the error in *Burnett*. Both errors would have been uncovered through more careful legal research. Thus, if *Burnett* does not count as a "garden variety claim of excusable neglect," this case cannot either. What distinguishes *Burnett* and this case from such a "garden variety" claim is that the plaintiff took some step recognized as important by the statute before the end of the limitations period. The *Burnett* action counted as "commenced" because suit was filed, even though it was the wrong action. Here too, suit was timely filed, albeit it confused the hat the National Guard was wearing at the time of the accident."

*Id.* at 918. This reasoning is equally applicable to Thomas's claims here. Thomas timely filed his original suit, though he did not properly name the current department head as the defendant. While he should have amended his July 2009 complaint to name the proper defendant, he did properly name Napolitano when he filed his February 2010 complaint within a few days of dismissal of his first complaint. Thomas's action in initiating a second suit instead of amending his July 2009 complaint is not a "garden variety claim of neglect." The fact that Napolitano did not raise her limitations defense in her Motion to Dismiss or her Answer suggests that not even she, represented by a U.S. attorney and assistant U.S. attorney, was initially aware of the consequences attending Thomas's initiation of a second lawsuit. Napolitano also does not dispute Thomas's contention that his lack of sophistication led him to file a new complaint instead of amending his July 2009 complaint.[3]

---

[3] Napolitano correctly notes that Thomas failed to amend his July 2009 complaint in Case No. 3:09-cv-1359 despite multiple opportunities to do so. However, even if Thomas knew or should have known that his complaint would be dismissed for failure to name Napolitano, it is not clear that he knew or should have know that the initiation of a second suit, as opposed to filing an amended complaint, would leave him in the

Finally, Napolitano can claim no prejudice attributable to Thomas's actions in initiating a second suit instead of amending his July 2009 complaint – Napolitano is represented by the same government attorneys representing the defendants in the first suit such that there are no issues of improper notice. In light of these circumstances, the Court finds, in its discretion, that Thomas's claims were tolled and are therefore not barred by the statute of limitations. As such, Napolitano's Motion for Summary Judgment, to the extent it seeks dismissal of Thomas's complaint based on her limitations defense, is **DENIED**.[4]

B.  *Exhaustion*

A Title VII claimant must exhaust his administrative remedies before filing a complaint in federal court. *Munoz v. Aldridge*, 894 F.2d 1489, 1493 (5th Cir. 1990). The section of Title VII applicable to federal government employees provides that a complainant may file a civil action after 180 days from the filing of the initial charge with the department, "if aggrieved by the final disposition of his complaint, or by the failure to take final action on his complaint." 42 U.S.C. § 2000e-16(c). Napolitano argues that Thomas, because he requested a hearing before an EEOC administrative law judge, "was required to wait at least 180 days before filing a civil action in district

---

same position as if the complaint had never been filed; i.e., that the limitations period would no longer be tolled and that his claims would then be barred.

[4] Napolitano suggests that Thomas must assert one of three grounds to be entitled to equitable tolling: "(1) the pendency of a suit between the same parties in the wrong forum; (2) the plaintiff's lack of awareness of the facts supporting his claim because of the defendant's intentional concealment of them; and (3) the EEOC's misleading the plaintiff about his rights." Def.'s Reply 5 (citing *Manning v. Chevron Chem. Co.*, 332 F.3d 874, 880 (5th Cir. 2003) (quoting *Blumberg v. HCA Mgmt. Co.*, 848 F.2d 642, 644 (5th Cir. 1988))). The Court notes that *Blumberg* cited to *Chappell v. Emco Machine Works Co.*, 601 F.2d 1295, 1302-03 (5th Cir. 1979) for these three grounds and explained "*Chappell* does not hold that these three [bases] are the only bases for tolling . . . ." 848 F.2d at 644. Also, the *Perez* decision, issued several years after *Blumberg*, found that tolling was warranted even though none of the three grounds were applicable.

court so that the Administrative Judge could decide the merits of the case." Def.'s Br. Supp. Mot. 11-12 (citing 29 C.F.R. § 1614.109). Napolitano also argues generally that a party who requests a hearing and then withdraws from the hearing process abandons his claims and fails to exhaust his administrative remedies, if he does not cooperate in the proceedings, and she states that Thomas did not cooperate in the proceedings before withdrawing. Def.'s Br. Supp. Mot. 12-15, Def.'s Reply 9-10. Thomas, in contrast, argues that he waited 180 days before withdrawing from the administrative process and filing his complaint, as required by 42 U.S.C. § 2000e-16(c).[5] Pl.'s Br. Opp'n 4-6. Also, he argues that "the facts show that Thomas acted in good faith at all times and did not fail to cooperate in the administrative process." *Id.* at 6; *see also id.* at 9.

As an initial matter, Napolitano is incorrect in stating that claimants who request hearings before administrative judges must wait 180 days for the administrative judge to make his or her decision. While 29 C.F.R. § 1614.109(i) does require the administrative judge to issue an decision within 180 days of receipt by the judge of the complaint file from the agency, neither the plain language of the regulation nor any court decision cited by Napolitano suggests that this regulation also restricts the right of a Title VII claimant to file a complaint in federal court. Napolitano's interpretation also conflicts with the plain language of 42 U.S.C. § 2000e-16(c), which provides that a complainant may file a civil action after 180 days from the filing of the *initial charge* with the department, "if aggrieved by the final disposition of his complaint, or by the failure to take final action on his complaint." *Cf. Martinez v. Dep't U.S. Army*, 317 F.3d 511, 511-13 (5th Cir. 2003)

---

[5] Specifically, Thomas states that he filed his formal complaint with the TSA on July 16, 2008, and no final action had been taken on that complaint more than a year later, so he was entitled to file his July 2009 complaint. Pl.'s Br. Opp'n 5-6.

(finding that employee exhausted administrative remedies when he withdrew request for hearing before administrative law judge, as 180 days had passed since filing of formal complaint and employer did not allege plaintiff failed to cooperate in good faith).

Having found that Thomas was not required to wait 180 days for the administrative law judge to make his determination, the Court must examine whether abandonment of the administrative process constitutes failure to exhaust. The Fifth Circuit in *Martinez* explained that "*Munoz* [*v. Aldridge*] held that abandoning an administrative process does not constitute non-cooperation" but the employee is required to cooperate in good faith: "[t]he purpose for exhaustion is to give the agency the information it needs to investigate and resolve the dispute between the employee and the employers. *Good faith effort by the employee to cooperate with the agency and EEOC and to provide all relevant, available information is all that exhaustion requires.*" 317 F.3d at 512, 514 (italics in original) (quoting *Munoz*, 894 F.2d at 1493). Therefore the Court must examine whether Thomas cooperated in good faith and provided all relevant and available information to determine whether he exhausted his administrative remedies.

In support of her view that Thomas neither cooperated in good faith nor provided all available relevant information, Napolitano explains that Thomas submitted discovery requests and interrogatories to the agency on June 11, 2009, and on June 25, 2009 the agency sent him notice to take his deposition. Def.'s Reply 8; Def.'s Mot. App. ["App."] 69-81 (Thomas discovery request dated June 11, 2009); App. 85 (email exchange between Thomas and DHS counsel). A week later Thomas advised the administrative law judge that he was withdrawing his election for an administrative hearing and was going to file a complaint in federal court. App. 37 Napolitano argues "[i]t was only once Thomas received the notice of his deposition, and he was informed that he would

have to pay the expenses incurred in taking the depositions he wanted, he quickly decided that an administrative hearing was no longer his preferred venue, and he withdrew his claims from the administrative process." Def.'s Br. Supp. Mot. 13 (citing App. 82-86 (email exchange between Thomas and agency counsel)). In her view, this unilateral termination of the hearing process, "apparently to extricate himself from discovery" constituted abandonment and failure to exhaust. Def.'s Br. Supp. Mot. 14.

Thomas provides no evidence in rebuttal. Instead he asserts only conclusory allegations: "the facts show that Thomas acted in good faith at all times and did not fail to cooperate in the administrative process," as a pro se plaintiff he "did everything he reasonably could to obtain administrative relief," Thomas "diligently pursued the administrative process and fully cooperated in such process, acting in good faith at all times," and when he withdrew from the administrative process "he thought his only viable recourse was to seek relief in federal court in light of his repeated inability to obtain administrative relief."[6] Pl.'s Br. Opp'n 6, 9. Such conclusory allegations are insufficient to rebut Napolitano's evidence that Thomas failed to cooperate in good faith and failed to provide all relevant and available information.

On summary judgment, "[i]f a party fails to properly support an assertion of fact or fails to properly address another party's assertion of fact" the court may "consider the fact undisputed for purposes of the motion [or] grant summary judgment if the motion and supporting materials – including the facts considered undisputed – show that the movant is entitled to it." Fed. R. Civ. P. 56(e); *see also Johnson v. Deep E. Tex. Reg'l Narcotics Trafficking Task Force*, 379 F.3d 293, 301 (5th

---

[6] Thomas does not address the argument that he did not provide all relevant and available information other than state generally that he cooperated with the administrative process at all times.

Cir. 2004) (non-moving party with the burden of proof must "identify specific evidence in the record and articulate the manner in which that evidence supports that party's claim,"). Given that Napolitano submits persuasive evidence in support of her contention that Thomas did not cooperate in good faith nor provide all relevant and available information, and given that Thomas fails to properly support his assertion of good faith cooperation with *any* evidence, the Court finds that no genuine issue of material fact exists as to whether Thomas cooperated in good faith in the administrative process or provided all relevant and available information.[7] As there is no fact issue regarding Thomas's cooperation, there is also no fact issue as to whether Thomas exhausted his administrative remedies.[8] As such, Thomas's complaint is **DISMISSED** for failure to exhaust his administrative remedies.

## IV.

## CONCLUSION

For the reasons discussed above, Janet Napolitano's Motion for Summary Judgment is **GRANTED IN PART** and **DENIED IN PART**. The Motion is **DENIED** to the extent it seeks

---

[7] The Court recognizes the "well-established tradition of liberal treatment afforded pro se litigants." Pl.'s Br. Opp'n 4. However, Thomas obtained counsel at least by November 15, 2010, when his new counsel made an appearance, almost a month before Napolitano's Motion was filed. As such, on Napolitano's Motion for Summary Judgment, Thomas will now be held to the same standards as any other represented party, and his failure to support his assertions in response to Napolitano's Motion with evidence entered into the record cannot be excused.

[8] Thomas argues that even if he did fail to exhaust his administrative remedies, he is entitled to excuse of his failure to exhaust under equitable principles. Pl.'s Br. Opp'n 8-9. However, as with his arguments regarding exhaustion, Thomas fails to properly support this assertion with any evidence in the record. Also, a party requesting equitable relief from the court has the burden of showing its entitlement to such relief. *Cf. Wilson v. Sec'y Dep't Veterans Affairs*, 65 F.3d 402, 404 (5th Cir. 1995) (complaining party in Title VII case bears burden of providing justification for application of equitable tolling principles). As such, the Court finds that no genuine issue of material fact exists as to whether Thomas's failure to exhaust his administrative remedies should be excused.

summary judgment as to her limitations defense. The Motion is **GRANTED** to the extent it seeks summary judgment as to her exhaustion defense. Accordingly, Thomas's claims are **DISMISSED**. Given this finding, the Court does not reach Napolitano's other arguments in support of her Motion for Summary Judgment.

**SO ORDERED.**

**SIGNED** February 24, 2011.

_____
JANE J. BOYLE
UNITED STATES DISTRICT JUDGE